1
2
3
4

Maurer Law Office, PLLC
1604 West Dean Avenue
Spokane, Washington 99201
Tel: 509.768.5637
Fax: 509.747.5674
Email: josh@jamaurerlaw.com

5
6
7
8
9
10
11

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

12

KEVIN HINTON

13

Plaintiffs,

NO.

14

vs.

COMPLAINT

15
16
17
18
19
20
21

SPOKANE COUNTY SHERIFF'S
OFFICE; SPOKANE COUNTY; CITY
OF SPOKANE VALLEY POLICE
DEPARTMENT; CITY OF
SPOKANE VALLEY; SERGEANT
CLAY HILTON, in his official and
personal capacity; JOHN NOWELS, in
his official and personal capacity;
DAVE ELLIS, in his official and
personal capacity, AMERICAN
MEDICAL RESPONSE
AMBULANCE SERVICE, INC., A
FOREIGN CORPORATION

22

Defendants.

23
24
25

COMPLAINT - 1

26

**MAURER**
LAW

1604 West Dean
Spokane, Washington 99201
(509) 838 - 9111

COMES NOW Plaintiff, Kevin Hinton, by way of Complaint against the Defendants named herein, complains and alleges the following.

## INTRODUCTION

This civil action arises from a violation of Plaintiff Kevin Hinton's (hereinafter, Mr. Hinton) civil rights during an incident on August 15, 2023, in the City of Spokane Valley, Washington. The City of Spokane Valley, while maintaining an independent municipal police department in name, has contracted with the Spokane County Sheriff's Office to provide police services. As a result, the City of Spokane Valley Police Department is staffed by deputies from the Spokane County Sheriff's Office, including its Chief of Police, Dave Ellis, who also serves as an undersheriff for the Spokane County Sheriff's Office.

Municipalities that establish a police department have non-delegable and constitutional duties which they are legally required to fulfill because they are essential to the public welfare and safety.  Law enforcement is a core governmental function. While the City of Spokane Valley may contract with another entity to perform certain aspects of law enforcement, the City remains ultimately responsible for ensuring these duties are properly performed.  Including, that Spokane Valley Police Officers are properly trained, supervised, retained, terminated and/or disciplined.  This principle is rooted in the idea that certain public functions, especially those related to safety, health, and welfare, must remain under the direct control and responsibility of the government to ensure accountability and adherence to legal and constitutional standards.  These duties do

COMPLAINT - 2



1604 West Dean
Spokane, Washington 99201
(509) 838 - 9111

not evaporate because it is financially advantageous for a municipality to contract law enforcement duties to another agency.

The City of Spokane Valley incorporated in 2003. Shortly thereafter, the City of Spokane Valley Police Department was created.  For what appears to be cost-saving measures, the City of Spokane Valley, continued to contract with the Spokane County Sheriff's Department to provide County Deputies to work as Spokane Valley Police Officers. However, a concerted effort was made to give the impression, the Spokane Valley Police Department, was a separate and distinct policing force.

To that end, the City of Spokane Valley maintains all the insignia of a separate police department.  Specifically, the City of Spokane Valley demanded that the contract with the Spokane County Sheriff's Department, include the use of distinct, City of Spokane Valley Police Department patrol vehicles, uniforms and patches. Despite the visual trappings, intended to give the appearance of maintaining their own police department, the City of Spokane Valley Police Department has failed to implement any independent policies or procedures to ensure that Spokane Valley Police Officers are properly trained, supervised, retained, terminated and/or disciplined. Nor, has the Spokane Valley Police Department implemented policies or procedures ensuring that these duties are being properly performed by the Spokane County Sheriff's Department.  This includes any independent investigation, or review of their police officer's excessive use of force on the public.  Instead they have surrogated the Spokane County Sheriff's Department in the oversight of these core governmental functions.  The City of Spokane Valley has attempted to contract these non-

COMPLAINT - 3



1604 West Dean
Spokane, Washington 99201
(509) 838 - 9111

delegable responsibilities to the Spokane County Sheriff's Office; violating their constitutional duty to maintain direct control and responsibility of the Spokane Valley Police Department to ensure accountability and adherence to legal and constitutional standards.

This contractual amalgamation has resulted in systemic failures by both Spokane County, and the City of Spokane Valley, to protect their citizens' constitutional rights. Separately, Plaintiff alleges the Spokane County Sheriff's Office's procedures are cavalier, superficial, and perfunctory as evidenced by the formal approval of the excessive and violent use of force deployed against Mr. Hinton.

On August 15, 2023, Defendant Sergeant Clay Hilton (hereinafter, Sgt. Hilton), a Spokane County Sheriff's Deputy operating as a Spokane Valley Police officer, unlawfully detained and arrested Mr. Hinton without reasonable suspicion or probable cause. During this encounter, Sgt. Hilton used violent, excessive force, causing serious and permanent injuries to Mr. Hinton. Despite video evidence of the violent and excessive force, the Spokane County Sheriff's Department formally approved Sgt. Hilton's use of force. However, this was not the first time Sgt. Hilton's use of force had been called into question.

On May 11th, 2023, three months before this incident, Washington State Court of Appeals, Judge George Fearing, penned a concurring/dissenting in part opinion in State v. Vaile, No. 37943-4-III. In that opinion, Judge Fearing argued, among other things, that the response by the Spokane County Sheriff Department was "overkill." Judge Fearing noted that "[d]espite Vaile never engaging in violent behavior, officers reflectively adjudged Vaile as jeopardizing not only their

COMPLAINT - 4



1604 West Dean
Spokane, Washington 99201
(509) 838 - 9111

physical safety, but the security of the crowd." Judge Fearing highlighted the conflicting testimony of the deputies, that they claimed that Vaile formed a clenched fist, yet no bystander corroborated this claim. Judge Fearing also noted that during an arrest inconsistent commands can be given and when there is a failure to comply with the inconsistent commands "those officers impose further violence." Most telling, Judge Fearing noted, "[n]o officer testified to why they needed to manhandle Vaile other than his insistence on telling his story rather than sitting down and his continuing to walk towards the officers" leading to Judge Fearing's conclusion that "[t]he Spokane County Sheriff Deputies' attack on Darnai Vaile is too often standard police procedure."

Sgt. Hilton was one of those responding officers/deputies in State v. Vaile. Following, his written opinion, Judge Fearing penned an open letter to the community, in which he wrote, "Deputy Clay Hilton's conduct since the issuance of the decision…suggest that he works as a law enforcement officer not to serve others and benefit the Spokane community, but to intimidate and dominate." Specifically, Judge Fearing had "concern about his anger, inability to reflect on his behavior, and instance on retaliation." Due to Judge Fearing's "lack of confidence in his credibility" and as a precaution, he recused himself from Deputy Hilton cases.

The Spokane County Sheriff's Department was put on notice as to the questionable use of excessive force by Sgt. Hilton in at least May of 2023. Instead of listening to those concerns, they rubberstamped the use of excessive force, and like Judge Fearing warned…"[t]he Spokane County Sheriff Deputies' attack became standard police practice." Additionally, the City of Spokane Valley failed

COMPLAINT - 5

MAURER
LAW

1604 West Dean
Spokane, Washington 99201
(509) 838 - 9111

to conduct its own review or exercise any supervision over the matter. The City of Spokane Valley failed to take any disciplinary action.

Over one year has elapsed since Sgt. Clay Hilton's violent assault of Mr. Hinton. Although the criminal charges filed against Mr. Hinton were dismissed, no meaningful action has been taken by either the Spokane Valley Police Department or Spokane County Sheriff's Department against Sgt. Hilton or to ensure this type of unlawful and unacceptable conduct does not occur in the future. Spokane Valley Police Department has made no operational changes to their mode of business and the Spokane County Sheriff's Department continues in the practice of rubberstamping their review of use of force by law enforcement officers; leaving the public vulnerable to continued violations of their constitutional rights.

The present suit is brought to enforce and protect the constitutional rights of Mr. Hinton, the public and to ensure that such flagrant abuse of power never occurs again. The lawful purpose of law enforcement is to **"serve others and benefit the Spokane Community, [not] to intimidate and dominate."**

The policies, customs, and practices maintained by Defendants, Spokane County Sherriff John Nowels, The Spokane County Sheriff's Office, Spokane County, Spokane County Undersheriff/Spokane Valley Police Chief Dave Ellis, The City of Spokane Valley Police Department, and The City of Spokane Valley were the direct cause and moving force behind the violation of Plaintiff's rights under the United States Constitution, the Washington State Constitution, and common law. The Defendants' actions and omissions reflect a deliberate indifference to the constitutional protections owed to the Plaintiff as well as the public.

COMPLAINT - 6



1604 West Dean
Spokane, Washington 99201
(509) 838 - 9111

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the federal civil rights violations in this matter under 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3)-(4) and supplemental jurisdiction to hear the common law and state law claims under 28 U.S.C. § 1367.

2. A Notice of Claim was presented to Defendant Spokane County pursuant to the Revised Code of Washington 4.96.020 on October 6, 2024.

3. A Notice of Claim was presented to Defendant City of Spokane Valley pursuant to the Revised Code of Washington 4.96.020 on June 11, 2024.

4. Plaintiff's claims are predicated upon the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983, which authorizes action to redress deprivations under color of state law of rights, privileges, and immunities secured to the Plaintiff by the Constitution of the United States, as well as the laws of the State of Washington.

5. Plaintiff's claim for attorney's fees, costs, and expert fees is predicated upon 42 U.S.C. § 1988, which authorizes the award of attorneys' fees and costs to the prevailing party for claims arising under 42. U.S.C. § 1983

6. Venue is proper in this Court under 28 U.S.C. § 1391(b) because at least one of the Defendants resides within the Eastern District for the State of Washington and the events giving rise to this cause of action occurred within the jurisdiction of the U.S. Court for the Eastern District of Washington.

COMPLAINT - 7



1604 West Dean
Spokane, Washington 99201
(509) 838 - 9111

7. All relevant acts or omissions constituting a basis for this cause of action occurred within the jurisdiction of the U.S. Court for the Eastern District of Washington.

## PARTIES

8. Mr. Hinton is a single individual residing within the Eastern District of the State of Washington.

9. Spokane County Sheriff's Office is a law enforcement agency serving Spokane County, Washington.

10. Spokane County is a municipal corporation. It is responsible for the policies and procedures of the Spokane County Sheriff's Office and the police officers it employs.

11. The City of Spokane Valley is a municipal corporation responsible for the policies and procedures of the Spokane Valley Police Department.

12. The City of Spokane Valley Police Department is a law enforcement agency responsible for serving the City of Spokane Valley.

13. Sgt. Hilton is a duly sworn and licensed law enforcement officer for the Spokane County Sheriff's Department and the City of Spokane Valley Police Department, acting under color of law and within the scope of his employment.

14. Sheriff John Nowels is the elected Sheriff and is responsible for the implementation of policies and procedures of the Spokane County Sheriff's Department.

COMPLAINT - 8

**MAURER** LAW

1604 West Dean
Spokane, Washington 99201
(509) 838 - 9111

15. Undersheriff/City of Spokane Valley Police Chief Dave Ellis is employed with the Spokane County Sheriff's Office and is Chief of Police of the City of Spokane Valley, and is responsible for the implementation of policies and procedures of the Spokane Valley Police Department.

16. American Medical Response Ambulance Service, Inc. (hereinafter "AMR") is a foreign corporation, licensed to practice business in the state of Washington and contracted to provide emergency medical services and pre-hospital healthcare in Spokane County.

## FACTS

17. On August 15, 2023, Mr. Hinton was driving from Oregon toward his home in Colfax, Washington, after visiting family, including his newest granddaughter.

18. Due to the long drive, Mr. Hinton became concerned about his state of exhaustion.

19. To avoid becoming a danger to himself, or others, Mr. Hinton legally parked his vehicle outside a fence bordering Terrace View Park in a marked parking area.

20. Terrace View Park is located in the City of Spokane Valley, Washington.

21. Mr. Hinton turned his vehicle off, reclined his driver's side seat, and began watching a video on his cellular phone to relax and get some rest.

22. At approximately 11:45 p.m., Sgt. Hilton approached Mr. Hinton's vehicle.

COMPLAINT - 9



1604 West Dean
Spokane, Washington 99201
(509) 838 - 9111

23. Mr. Hinton can be heard on Sgt. Hilton's body camera video asking Sgt. Hilton, "How are you doing?"

24. Almost immediately, Sgt. Hilton tells Mr. Hinton, "It is a crime to be in the park after hours and this is considered a park."

25. Mr. Hinton responded by saying, "Alright, I will go find another place to go watch a movie" communicating his consent to comply.

26. Sgt. Hilton is factually inaccurate. It is not a crime to be in Terrace View Park, at any time of the day, or night, and the location where Mr. Hinton was parked is not part of any park within the meaning of the Spokane Valley Code.

27. Sgt. Hilton knew, or should have known, the location in question was not part of the Terrace View Park; he lived across the street and was fully aware that a designated parking lot for Terrace View Park existed on the opposite side of the park.

28. Instead of allowing Mr. Hinton to simply leave the area, Sgt. Hilton extended the contact by demanding Mr. Hinton's identification.

29. As Mr. Hinton attempts to gather himself and prepares to locate to another area, he was informed by Sgt. Hilton he could not shut the door to his vehicle, and at least twice, that he was not "free to leave."

30. When Mr. Hinton asks Sgt. Hilton why he is behaving in this manner, Sgt. Hilton responds, "Because you are being rude."

31. Sgt. Hilton excuses his conduct by again telling Mr. Hinton, "…you are in a park after hours and you are committing crime."

COMPLAINT - 10



1604 West Dean
Spokane, Washington 99201
(509) 838 - 9111

32. Mr. Hinton states that it is not a crime but a civil offense and Sgt. Hilton states, "do you want to bet" and "it's not." [a civil offense]

33. As the contact continues Sgt. Hilton continues to tell Mr. Hinton that he is not free to leave, and that he cannot shut the door to his vehicle.

34. Sgt. Hilton continues to demand Mr. Hinton's identification and name.

35. At approximately, 23:49 Sgt. Hilton calls for additional units and can be seen putting on black gloves.

36. As Mr. Hinton is putting on his shoes, Sgt. Hilton states, "what you puttin [sic] your shoes on for, you aren't goin [sic] anywhere."

37. Sgt. Hilton informs Mr. Hinton, "…you're probably gonna [sic] end up goin [sic] to jail."

38. Sgt. Hilton commands Mr. Hinton to exit his vehicle and "stand up for me" to which Mr. Hinton fully complies.

39. Sgt. Hilton tells Mr. Hinton to "turn around and face the car" and immediately reaches out and puts hands-on Mr. Hinton.

40. Without giving Mr. Hinton an opportunity to comply, Sgt. Hilton begins to exert physical control over Mr. Hinton by reaching out and grabbing him.

41. Sgt. Hilton then warns Mr. Hinton of his intentions, "You are going to get hurt if you don't do exactly what I am telling you."

42. Sgt. Hilton places his hands on Mr. Hinton's body forcing Mr. Hinton backward into the driver's side seat while also instructing Mr. Hinton to "get on the ground."

COMPLAINT - 11



1604 West Dean
Spokane, Washington 99201
(509) 838 - 9111

43. As Mr. Hinton falls backward into the driver's side seat of his vehicle, Sgt. Hilton is physically controlling Mr. Hinton's movements; Sgt. Hilton has forced Mr. Hinton into the driver's seat while simultaneously ordering Mr. Hinton to "get on the ground."

44. Sgt. Hilton then advises Mr. Hinton that he is under arrest.

45. As Mr. Hinton struggles to regain his balance, Sgt. Hilton strikes him, at least once, with a gloved, closed fist and then violently drags Mr. Hinton, by his legs, out onto the ground.

46. At this time, Mr. Hinton has suffered a violent assault and is sitting on the ground.

47. Sgt. Hilton is standing over the top of Mr. Hilton, grabbing him by the shirt collar.

48. Mr. Hinton is not resisting, he is sitting upright where Sgt. Hilton has dragged him.

49. Mr. Hinton's left hand is resting on the ground and appears to be wiping his face with his right hand.

50. Sgt. Hilton reaches down and grabs Mr. Hinton's left wrist and again states, "you are under arrest."

51. Sgt. Hilton then simultaneously demands, "Get on the ground" while striking Mr. Hinton in the face multiple times with a black, gloved, closed fist.

52. Mr. Hinton is already on the ground, which Sgt. Hilton knows because that is where Sgt. Hilton violently dragged Mr. Hinton.

COMPLAINT - 12



1604 West Dean
Spokane, Washington 99201
(509) 838 - 9111

53. Sgt. Hilton continues to demand Mr. Hinton "get on the ground" continuing the assault by grabbing Mr. Hinton's shirt before delivering the first knee strike to Mr. Hinton's rib cage/side area.

54. Mr. Hinton instinctively tries to get away from the increasing violence of Sgt. Hilton's assault.

55. Sgt. Hilton continues to deliver violent and powerful knee strikes to Mr. Hilton's rib cage area.

56. After deploying multiple violent strikes to the face and body of Mr. Hinton, Sgt. Hilton orders Mr. Hinton to give him his hands.

57. Although badly injured, Mr. Hinton attempts to provide Sgt. Hilton with his hands by extending them out in front of his person.

58. Despite Mr. Hinton clearly presenting his hands out in front of him, Sgt. Hilton continues to punch Mr. Hinton directly in the face and/or body.

59. Any time Mr. Hinton instinctively tried to protect his face, Sgt. Hilton can be heard demanding "give me your hands" while continuing to violently punch Mr. Hinton directly in the face and/or body.

60. Only after other law enforcement officers arrived on the scene, did Sgt. Hilton command Mr. Hinton "on your stomach." Mr. Hinton immediately complied.

61. As Mr. Hinton is being placed in handcuffs, Sgt. Hilton says, "What part of that did you not understand?"

62. While seriously injured and bleeding from the face, Mr. Hinton cries out to the other law enforcement officers "he hit me so many times."

63. While crying, Mr. Hinton asks Sgt. Hilton "why did you hit me?"

COMPLAINT - 13



1604 West Dean
Spokane, Washington 99201
(509) 838 - 9111

64. Sgt. Hilton responds, "Because you weren't listening."

65. Mr. Hinton then tells multiple officers on scene, several times that he can't breathe.

66. After other law enforcement officers arrive on scene, they collectively turn off their body camera audio recording.

67. During this time, one or more of the deputies, including Sgt. Hilton are seen laughing, joking, and mocking Mr. Hinton over his injuries.

68. Following this incident, Sgt. Hilton filed a police report documenting the alleged criminal allegations against Mr. Hinton.

69. This police report was signed by Sgt. Hilton under penalty of perjury.

70. The police report filed by Sgt. Hilton contains multiple material inaccuracies and false allegations which were known to be false when filed by Sgt. Hilton.

71. Mr. Hinton was medically evaluated by AMR personnel at the location of the assault by Sgt. Hilton.

72. The evaluation conducted by AMR personnel was completed at the direction of law enforcement and in their presence.

73. AMR has a contractual obligation to provide emergency medical services and transportation within Spokane County and the City of Spokane Valley.

74. At the time of the evaluation, Mr. Hinton was suffering from fractures of ribs five through twelve (5-12), with comminuted fractures of ribs eight, ten, eleven & twelve (8, 10, 11, 12), displaced fractures of ribs nine and

COMPLAINT - 14



1604 West Dean
Spokane, Washington 99201
(509) 838 - 9111

ten (9 & 10), a collapsed lung (pneumothorax) and multiple lacerations and contusions requiring sutures and medical care.

75. During the evaluation, Mr. Hinton was displaying symptoms including shortness of breath, chest pain, rapid breathing, shoulder pain, difficulty breathing, elevated blood pressure, and hypoxemia.

76. Mr. Hinton informed responding medical personnel from AMR about the assault by Sgt. Hilton.

77. Law enforcement officers from the City of Spokane Valley, who were present at the scene, could be seen and heard showing signs of amusement over Mr. Hinton's injuries and pleas for help.

78. The conduct of law enforcement officers in response to Mr. Hinton's serious physical injury created an environment of intimidation and coercion where emergency medical staff were unable or unwilling to perform an adequate evaluation of Mr. Hinton.

79. AMR personnel evaluated Mr. Hinton and determined Mr. Hinton was medically cleared, releasing him to law enforcement, to be transported and booked into the Spokane County Jail.

80. Mr. Hinton was placed under arrest and transported to the Spokane County Jail by Spokane County Deputy/Spokane Valley Police Officer D. Davis.

81. Spokane County Jail staff refused to book Mr. Hinton due to the severity of his injuries.

COMPLAINT - 15



MAURER
LAW

1604 West Dean
Spokane, Washington 99201
(509) 838 - 9111

82. Mr. Hinton was then transported by Spokane County Deputy/Spokane Valley Police Officer D. Davis to the emergency room at Deaconess Hospital where he was evaluated by medical staff.

83. During this time, Mr. Hinton was severely injured but remained docile and cooperative.

84. Despite Mr. Hinton's cooperative, non-threatening demeanor, and his open and obvious external injuries which required emergency medical attention. Spokane County Deputy/Spokane Valley Police Officer D. Davis refused to remove Mr. Hinton's handcuffs during his medical evaluation and treatment.

85. Mr. Hinton remained in significant pain for hours due to the refusal to remove his handcuffs.

86. Spokane County Deputy/Spokane Valley Police Officer D. Davis refused to remove Mr. Hinton's handcuffs until he was informed that Mr. Hinton would be admitted to the hospital.

87. After learning Mr. Hinton would be admitted to Deaconess Hospital, due to the severity of his injuries, the decision to book Mr. Hinton into jail was changed to issuing Mr. Hinton a criminal citation and releasing him with a future court date.

88. Entities having the lawful power and authority to arrest and book an individual into jail are responsible for providing and paying for all reasonable and necessary medical treatment required by the incarcerated individual, including but not limited to medical costs and treatment of injuries unlawfully caused by an arresting officer.

COMPLAINT - 16



1604 West Dean
Spokane, Washington 99201
(509) 838 - 9111

89. Spokane County and the City of Spokane Valley, by and through their officers and agents, have a history of releasing the criminally accused from custody when the accused is incurring, or is set to incur significant medical treatment and cost.

90. Spokane County Sheriff's Department has a policy of reviewing all incidents involving an officer's use of force to determine whether the use of force is appropriate under the circumstances.

91. This use of force report is colloquially referred to by Spokane County Sheriff Officers as a "Blue Team" report.

92. "Blue Team Reports" are reviewed by a supervising officer specifically trained to determine whether an officer's use of force is appropriate under the circumstances.

93. A "Blue Team" report was generated as a result of the assault by Sgt. Hilton on Mr. Hinton.

94. Sgt. Hilton's supervising officer, Spokane County Sheriff Sergeant, Richard Gere, approved the use of force implemented by Sgt. Hilton against Mr. Hinton.

95. The City of Spokane Valley incorporated in approximately 2003.

96. Shortly after incorporating the City of Spokane Valley created the Spokane Valley Police Department which uses distinct City of Spokane Valley Police Department patrol vehicles, distinct uniforms and patches.

97. The City of Spokane Valley Police Department contracts with the Spokane County Sheriff Department to provide their police officers.

COMPLAINT - 17



1604 West Dean
Spokane, Washington 99201
(509) 838 - 9111

98. The City of Spokane Valley Police Department has taken considerable measures to give the appearance of a police force which is independent from the Spokane County Sheriff's Office.

99. The City of Spokane Valley Police Department has failed to implement any independent policies or procedures to ensure that Spokane Valley Police Officers are properly trained, supervised, retained, terminate and/or disciplined.

100. The Spokane Valley Police Department has failed to implement policies or procedures ensuring that the duties to train, supervise, retain, terminate or discipline are being properly performed by the Spokane County Sherriff's Department.

101. This includes any independent investigation, or review of Spokane Valley Police Officer's excessive use of force on the public.

102. Even though, Sgt. Hilton was working as a Spokane Valley Police Department Officer on the date in question. No review of Sgt. Hilton's violent and excessive use of force was undertaken by the City of Spokane Valley Police Department.

103. No review of the policies, practices, or procedures used by the Spokane County Sheriff's Department's to determine that Sgt. Hilton's use of excessive and violent force was appropriate was undertaken by the City of Spokane Valley Police Department.

104. No review of Spokane County Sheriff Sergeant, Richard Gere, and his approval of the excessive and violent use of force by Sgt. Hilton against

COMPLAINT - 18



1604 West Dean
Spokane, Washington 99201
(509) 838 - 9111

Mr. Hinton was undertaken by the City of Spokane Valley Police Department.

## FIRST CAUSE OF ACTION –LACK OF REASONABLE SUSPICION TO INITIATE A SEIZURE

105.    The Plaintiff re-alleges Paragraphs 1 through 104 as if separately set forth.

106.    Sgt. Hilton lacked reasonable suspicion to seize Mr. Hinton.

107.    Mr. Hinton was not committing a crime at the time he was seized by Sgt. Hilton.

108.    Mr. Hinton was not even committing a civil infraction at the time he was seized by Sgt. Hilton.

109.    Sgt. Hilton knew, or should have known, the presence of Mr. Hinton in the location where he seized him did not constitute a violation of the municipal code for the City of Spokane Valley, Washington.

110.    The acts of Sgt. Hilton violated Mr. Hinton's right to be free from an unreasonable seizure in violation of the Fourth Amendment, enforceable through 42 U.S.C. § 1983.

## SECOND CAUSE OF ACTION – ARREST WITHOUT PROBABLE CAUSE

111.    The Plaintiff re-alleges paragraphs 1 through 111 as if separately set forth.

112.    Sgt. Hilton lacked probable cause to arrest Mr. Hinton

COMPLAINT - 19



1604 West Dean
Spokane, Washington 99201
(509) 838 - 9111

113.    Mr. Hinton was not committing a crime at the time he was placed under custodial arrest by Sgt. Hilton.

114.    Sgt. Hilton did not possess the knowledge of any facts leading a reasonable office to conclude there was a basis for making a lawful arrest.

115.    Sgt. Hilton knew, or should have known, the presence of Mr. Hinton in the location he arrested him did not constitute a crime.

116.    The acts of Sgt. Hilton violated Mr. Hinton's right to be free from an unreasonable seizure in violation of the Fourth Amendment, enforceable through 42 U.S.C. § 1983.

## THIRD CAUSE OF ACTION – UNREASONABLE SEIZURE – EXCESSIVE FORCE

117.    The Plaintiff re-alleges Paragraphs 1 through 116 as if separately set forth.

118.    Sgt. Hilton used objectively unreasonable and excessive force in his detention and arrest of Mr. Hinton.

119.    The acts of Sgt. Hilton violated Mr. Hinton's right to be free from unreasonable seizures in violation of the Fourth Amendment, enforceable through 42 U.S.C. § 1983.

## FOURTH CAUSE OF ACTION – DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEED – SERGEANT HILTON

120.    The Plaintiff re-alleges Paragraphs 1 through 119 as if separately set forth.

COMPLAINT - 20



1604 West Dean
Spokane, Washington 99201
(509) 838 - 9111

121.  Sgt. Hilton knew he delivered several violent strikes to Mr. Hinton.

122.  Those strikes were with a closed, gloved, fists to Mr. Hinton's face and head; violent knee strikes to Mr. Hinton's rib cage, chest and abdominal areas, and said strikes were made with such force that a reasonable person in the same or similar circumstances would understand and appreciate the substantial risk of serious injury.

123.  As a result of inflicting multiple violent strikes upon Mr. Hinton's face and body, Sgt. Hilton observed Mr. Hinton to exhibit symptoms consistent with a serious injury.

124.  It would have been obvious to a lay person and was or should have been obvious to Sgt. Hilton that Mr. Hinton's injuries required prompt medical attention from a qualified physician.

125.  The combination of being the perpetrator of the violent assault upon Mr. Hinton, with the knowledge of the substantial forced used to perpetrate the assault, coupled with Mr. Hinton's presentation of symptoms following the assault, provided Sgt. Hilton with the knowledge Mr. Hinton had a serious medical need and required appropriate medical attention from a qualified physician.

126.  Despite this knowledge, Sgt. Hilton directed Mr. Hinton to be transported to the Spokane County Jail where he was to be booked.

127.  At the Spokane County Jail, Mr. Hinton's injuries were so obvious and substantial the Spokane County Jail staff refused to admit him into their facility.

COMPLAINT - 21



1604 West Dean
Spokane, Washington 99201
(509) 838 - 9111

128.    Mr. Hinton was transported to Deaconess Medical Center where he was admitted due to his serious injuries.

129.    Sgt. Hilton's acts and omissions were deliberately indifferent to Mr. Hinton's serious medical needs, thereby depriving him of due process under the Fourteenth Amendment.

## FIFTH CAUSE OF ACTION – DELIBERATE INDIFFERENCE – AMR

130.    The Plaintiff re-alleges Paragraphs 1 through 129 as if separately set forth.

131.    AMR responded to the location of the encounter between Sgt. Hilton and Mr. Hinton.

132.    Emergency medical responders from AMR evaluated Mr. Hinton and based on his presentation of symptoms, knew or should have known of Mr. Hinton's serious injuries and medical need for the attention of a qualified physician.

133.    Despite said knowledge, AMR medically cleared Mr. Hinton for booking into the Spokane County Jail.

134.    AMR performed said medical evaluation at the direction of and on behalf of the City of Spokane Valley and Spokane County.

135.    AMR's agents were influenced to medically clear Mr. Hinton for booking into the Spokane County Jail by the actions and influence of Sgt. Hilton and/or the responding members of the City of Spokane Valley Police Department.

COMPLAINT - 22



1604 West Dean
Spokane, Washington 99201
(509) 838 - 9111

## SIXTH CAUSE OF ACTION – MUNICIPAL LIABILITY – SPOKANE COUNTY

136.  The Plaintiff re-alleges Paragraphs 1 through 135 as if separately set forth.

137.  Spokane County, at all relevant times, has maintained a policy, custom, or practice that has been the cause and the moving force behind the violation of citizens' Constitutional Rights. Specifically, this policy, custom or practice involves:

   a.  The use of objectively unreasonable and excessive force on detainees and arrestees.

   b.  Disorderly conduct arrests without probable cause, often only because the arrestee was protesting police conduct.

   c.  Overcharging arrestees with resisting arrest, disorderly conduct and assault on a police officer when the arrestee is simply being uncooperative.

   d.  The arrestees receiving serious injuries but the officers not being injured during such encounters.

   e.  The Spokane County Sheriff's Office not sustaining citizen complaints if it is the word of the complainant against a police officer and only sustaining a complaint if the citizen has corroboration from another person, if at all.

   f.  The Spokane County Sheriff's Office failing to investigate allegations of excessive force and approving the use of force despite

COMPLAINT - 23



1604 West Dean
Spokane, Washington 99201
(509) 838 - 9111

clear and obvious evidence the force used was inappropriate and in violation of the arrestee's civil rights.

g. The Spokane County Sheriff's Office failing to discipline officers who have used excessive force.

h. The Spokane County Sheriff's Office failing to supervise its officers and their use of force.

i. The Spokane County Sheriff's Office failing to conduct appropriate and meaningful investigation into use of force allegations and rubber stamping their approval of an officer's use of force despite clear evidence to the contrary.

j. The Spokane County Sheriff's Office failing to discipline its deputies for improper use of force.

k. The Spokane County Sheriff's Office failing to properly train officers.

l. Failing to implement the duties associated with RCW 10.39.190.

m. Failing to discipline officers who do not abide by RCW 10.39.190 and its requirements.

n. The elected Sheriff, as well as his immediate subordinates, engaging in a campaign of misinformation where the public is led to believe "problem deputies" are being disciplined and discharged from service while simultaneously failing to follow proper disciplinary protocol so that deputies are allowed to keep their position in the Sheriff's office due to administrative failures.

COMPLAINT - 24



1604 West Dean
Spokane, Washington 99201
(509) 838 - 9111

o. The elected Sheriff, as well as his immediate subordinates, engaging in a campaign of misinformation where the public is led to believe "problem deputies" are being disciplined and discharged from service while simultaneously negotiating for the deputies stipulated return to service.

138. The above-described policies, customs or practices were the direct, proximate cause of Sgt. Hilton violating Mr. Hinton's Fourth and Fourteenth Amendment rights, enforceable through 42 U.S.C. § 1983.

139. Spokane County was acting as an agent of Spokane Valley for the purpose of law enforcement services.

140. Spokane County Sheriff's Office deliberate indifference towards whether its officers are refraining from using excessive force and disciplined for their failures or beach of this duty.

141. Spokane County Sheriff's Office deliberate indifference to the rights, health and safety of its citizens.

142. Spokane County Sheriff's Office deliberate indifference to whether its deputies are conducting themselves in a manner which is lawful.

143. As a result of the above described policy, custom or practice, Mr. Hinton suffered damages.

**SEVENTH CAUSE OF ACTION – MUNICIPAL LIABILITY – CITY OF SPOKANE VALLEY**

144. The Plaintiff re-alleges Paragraphs 1 through 143 as if separately set forth.

COMPLAINT - 25



1604 West Dean
Spokane, Washington 99201
(509) 838 - 9111

145.    The City of Spokane Valley at all relevant times has maintained a policy, custom, or practice that has been the cause, and/or moving force, behind the violation of citizens' rights. Specifically, this policy, custom or practice involves:

   a. The use of objectively unreasonable and excessive force on detainees and arrestees.

   b. Disorderly conduct arrests without probable cause, often only because the arrestee was protesting police conduct.

   c. Overcharging arrestees with resisting arrest, disorderly conduct and assault on a police officer when they are simply being uncooperative.

   d. The arrestees receiving serious injuries but the officers not being injured during such encounters.

   e. The City of Spokane Valley's Police Department failing to investigate allegations of excessive force.

   f. The City of Spokane Valley's Police Department delegation to Spokane County Sheriff's office of a non-delegable duty; a duty to establish safeguards to ensure the safety of the public and to investigate its officer's use of force against citizens.

   g. The City of Spokane Valley's Police Department delegating a non-delegable duty; a duty to properly train its officers.

   h. The City of Spokane Valley's Police Departments delegating a non-delegable duty; a duty to supervise its officers.

COMPLAINT - 26



1604 West Dean
Spokane, Washington 99201
(509) 838 - 9111

i. The City of Spokane Valley's Police Departments delegating a non-delegable duty; a duty to properly retain, terminate and/or discipline its officers.

j. The City of Spokane Valley Police Department's failure to institute any policy or procedures to ensure that its law enforcement officers are refraining from using excessive force and disciplined for their failure or breaches of this duty.

k. The City of Spokane Valley Police Departments failure to institute any policy or procedures to ensure its law enforcement officers are abiding by RCW 10.39.190.

l. The City of Spokane Valley's failure to discipline officers who have used excessive force.

m. The City of Spokane Valley's deliberate indifference towards whether its officers are refraining from using excessive force and disciplined for their failures or breaches of this duty.

n. The City of Spokane Valley's deliberate indifference to the rights, health and safety of its citizens.

o. The City of Spokane Valley's deliberate indifference to whether its officers are conducting themselves in a manner which is lawful.

p. The City of Spokane Valley's failure to implement policies or procedures ensuring that these duties are being properly performed by the Spokane County Sherriff's Department.

q. The City of Spokane Valley's failure to review the policies, practices, or procedures used by the Spokane County Sheriff's

COMPLAINT - 27



1604 West Dean
Spokane, Washington 99201
(509) 838 - 9111

Department's review of the use of excessive and violent force by Spokane Valley Police Officers

r. The City of Spokane Valley's failure to review Spokane County Sheriff Sergeant, Richard Gere, and his approval of the excessive and violent use of force by Sgt. Hilton.

146. The above-described policy, custom or practice was the direct, proximate cause of Sgt. Hilton violating Mr. Hinton's Fourth and Fourteenth Amendment rights, enforceable through 42 U.S.C. § 1983.

147. As a result of the above described policy, custom or practice, Mr. Hinton suffered damages.

148. The City of Spokane Valley is liable for the actions of Sgt. Hilton under a theory of vicarious liability as he was acting on behalf of the City while employed with Spokane County.

149. The City of Spokane Valley is liable for the actions of Sgt. Hilton under a theory of agency.

## EIGHTH CAUSE OF ACTION – COMMON LAW – FALSE ARREST

150. The Plaintiff re-alleges Paragraphs 1 through 149 as if separately set forth.

151. Sgt. Hilton detained Mr. Hinton without reasonable suspicion or probable cause.

152. Sgt. Hilton unlawfully restrained Mr. Hinton without legal authority.

COMPLAINT - 28



MAURER
LAW
1604 West Dean
Spokane, Washington 99201
(509) 838 - 9111

153.    The aforesaid acts of Mr. Hilton were taken within the scope of his employment with Spokane Valley Police Department and Spokane County Sheriff's Office.

154.    The unlawful acts of Sgt. Hilton were the direct, proximate cause of Mr. Hinton's injuries.

## NINTH CAUSE OF ACTION – COMMON LAW – ASSAULT AND BATTERY

155.    The Plaintiff re-alleges Paragraphs 1 through 154 as if separately set forth.

156.    By his words and acts Sgt. Hilton threatened to inflict bodily harm upon Mr. Hinton.

157.    By using excessive and unreasonable force, Sgt. Hilton caused harmful or offensive bodily contact with Mr. Hinton.

158.    The aforesaid acts were unprivileged.

159.    The aforesaid acts of Sgt. Hilton were performed within the scope of his employment with Spokane County and the City of Spokane Valley.

160.    The alleged acts of Sgt. Hilton were the direct, proximate cause of Mr. Hinton's injuries.

## TENTH CAUSE OF ACTION – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

161.    The Plaintiff re-alleges Paragraphs 1 through 160 as if separately set forth.

COMPLAINT - 29



1604 West Dean
Spokane, Washington 99201
(509) 838 - 9111

162.    Without warning, necessity or lawful justification, Sgt. Hilton intentionally or recklessly committed the common law tort of assault and battery.

163.    Following his assault and battery of Mr. Hinton, Sgt. Hilton engaged in conduct that was designed to intimidate and embarrass Mr. Hinton, to wit: making loud jokes and mocking Mr. Hinton's injuries with and in the presence of other officers.

164.    The conduct of Sgt. Hilton was extreme and outrageous and was intended to cause and did cause Mr. Hinton severe emotional distress.

165.    The acts and omission of Sgt. Hilton were performed within the scope of his employment by Spokane County and the City of Spokane Valley.

## ELEVENTH CAUSE OF ACTION – MALICIOUS PROSECUTION

166.    The Plaintiff re-alleges Paragraphs 1 through 165 as if separately set forth.

167.    Sgt. Hilton initiated charges of "In a Spokane Valley Park after Hours," "Obstructing a Law Enforcement Officer" and "Resisting Arrest" with malice and without probable cause.

168.    Sgt. Hilton attempted to amend the citation he issued when he realized he inappropriately and inaccurately applied the law.

169.    Sgt. Hilton attempted to conceal his error and mistake of law by using criminal charging codes he knew, or should have known, were outside the jurisdictional limits of the City of Spokane Valley.

COMPLAINT - 30



1604 West Dean
Spokane, Washington 99201
(509) 838 - 9111

170.    Sgt. Hilton initiated the charges knowing he lacked facts sufficient to establish probable cause or a reasonable belief that Mr. Hinton committed the crimes with which he was charged.

171.    Sgt. Hilton initiated the charges against Mr. Hinton in an attempt to conceal Sgt. Hilton's violent, unlawful and excessive use of force.

172.    Sgt. Hilton initiated the charges against Mr. Hinton because Mr. Hinton "didn't listen" to him.

173.    Sgt. Hilton initiated the charges against Mr. Hinton in retaliation because Mr. Hinton correctly asserted his legal right to be present at the location where the incident occurred.

174.    By doing so, Mr. Hinton committed what is often referred to as "contempt of cop," a term used to describe situations where law enforcement officers retaliate against individuals who challenge their authority or assert their legal rights.

175.    The charges filed by Sgt. Hilton were dismissed on motion of the State of Washington, Deputy Prosecuting Attorney for Spokane County on September 29, 2023.

176.    The basis for the motion was "interest of justice" and "prosecutor discretion."

177.    The acts of Sgt. Hilton were performed within the scope of his employment with Spokane County and the City of Spokane Valley.

//

//

//

COMPLAINT - 31



1604 West Dean
Spokane, Washington 99201
(509) 838 - 9111

## TWELFTH CAUSE OF ACTION – MEDICAL NEGLIGENCE - AMR

178.   The Plaintiff re-alleges Paragraphs 1 through 177 as if separately set forth.

179.   On or about August 15, 2023, AMR, as emergency medical services professionals, undertook the responsibility to diagnose and treat Mr. Hinton's medical conditions, thereby establishing a physician-patient relationship and creating a duty to exercise the standard of care required of a reasonably prudent emergency medical services professional under the same or similar circumstances.

180.   AMR breached this duty by failing to conduct a thorough examination, failing to order appropriate diagnostic tests, and failing to refer Mr. Hinton to appropriate medical care, despite the severity and persistence of his symptoms.

181.   AMR overlooked, ignored or were unable to meet the standard of care due to the environment created by law enforcement and failed to take precautions and measures allowing for an evaluation to be conducted which met the standard of care.

182.   As a direct and proximate cause of Defendant AMR's failure to meet the standard of care, Mr. Hinton's continued to suffer without proper and timely medical care; his condition worsened causing him significant pain and suffering.

183.   The acts and omissions of AMR as described herein constitute negligence under Washington State Law.

COMPLAINT - 32



1604 West Dean
Spokane, Washington 99201
(509) 838 - 9111

184. Mr. Hinton has suffered and will continue to suffer damages as a result of AMR's negligent acts and omissions.

### THIRTEENTH CAUSE OF ACTION – NEGLIGENCE

185. The Plaintiff re-alleges Paragraphs 1 through 184 as if separately set forth.

186. Under Washington State law, Sgt. Hilton had a duty to serve as a law enforcement officer in a reasonably prudent manner.

187. Under Washington State law, Sgt. Hilton had a duty to implement the use of force in a reasonably prudent manner.

188. Sgt. Hilton breached these duties when he violently assaulted Mr. Hinton.

189. As a proximate cause of Sergeant Hilton's breach, Mr. Hinton suffered damages.

190. Under Washington State law, the Spokane County Sheriff's Office had a duty to properly train, supervise, discipline, retain and terminate law enforcement officers.

191. The Spokane county Sheriff's Office breached these duties when they failed to properly train, supervise, discipline, retain and or terminate Sgt. Hilton.

192. As a proximate cause of the Spokane County Sheriff's Office breach, Mr. Hinton suffered damages.

COMPLAINT - 33



1604 West Dean
Spokane, Washington 99201
(509) 838 - 9111

193.    Under Washington State law, The City of Spokane Valley Police Department had a duty to properly train, supervise, discipline, retain and terminate law enforcement officers.

194.    The City of Spokane Valley Police Department breached these duties when they failed to properly train, supervise, discipline, retain and terminate law enforcement officers.

195.    The City of Spokane Valley Police Department breached these duties when they failed to engage in any oversight of the Spokane County Sherriff's Office policies and process for properly training, supervising, disciplining, retaining and terminating law enforcement officers.

196.    As a proximate cause of the breaches by the City of Spokane Valley Police Department, Mr. Hinton suffered damages.

## VICARIOUS LIABILITY

197.    The Plaintiff re-alleges Paragraphs 1 through 196 as if separately set forth.

198.    At the time of the negligence alleged herein, Defendant Sgt. Hilton was acting in the scope of his duties as an employee of Spokane County.

199.    At the time of the negligence alleged herein, Defendant Sgt. Hilton was acting in the scope of his duties as a law enforcement officer for the City of Spokane Valley.

200.    At the time of the negligence alleged herein, Defendant Sgt. Hilton was acting on behalf of, and as an agent for, the City of Spokane Valley while employed with Spokane County.

COMPLAINT - 34



1604 West Dean
Spokane, Washington 99201
(509) 838 - 9111

201.    The City of Spokane Valley is liable for the actions of Sgt. Hilton under a theory of agency.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for the following relief:

202.    For an award of economic and noneconomic damages in an amount to be proved at trial;

203.    For an award of punitive damages against each of the individual defendants in an amount to be determined at trial;

204.    For reasonable costs and attorney fees incurred in bringing the present action;

205.    For such other legal and equitable relief as the court deems appropriate and just.

//
//
//
//
//
//
//
//
//
//
//

COMPLAINT - 35



1604 West Dean
Spokane, Washington 99201
(509) 838 - 9111

# JURY DEMAND

206.   Plaintiff hereby demands a jury trial on all issues triable by jury.

DATED this 20th day of August, 2024.


/s/ Joshua P. Maurer, WSBA # 39353

_____

MAURER LAW, PLLC
Attorney for Plaintiff
1604 West Dean Avenue
Spokane, Washington 99201
Tel: 509.838.9111
Fax: 509.7475692
Email: josh@jamaurerlaw.com




/s/ Timothy Note. WSBA #:34929

_____

Attorney for Plaintiff
901 N. Adams Street
Spokane, Washington 99201
Tel:: 509.328.8800
Fax: 509.328.8811
Email: tim@noteandkidd.com

COMPLAINT - 36



1604 West Dean
Spokane, Washington 99201
(509) 838 - 9111